

**103**

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. C. H. Cavness
State Auditor
State Capitol
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-7023
Re: Validity of an item contained in
House Bill 701 appropriating
$629.05 to pay claim of Fort Worth
National Bank of Fort Worth, Texas.

You have heretofore presented for approval or disapproval of this Department the matter of payment to the Fort Worth National Bank, Fort Worth, Texas, judgment against the State of Texas in the sum of $629.05, which item is included in the Miscellaneous Claims Bill passed by the 49th Legislature to be paid out of the General Revenue Fund.

Under date of Sept. 4, 1945, A. G. File No. 6757-278, we advised you for the reasons stated in that opinion that this item should not be paid out of the General Fund, notwithstanding its inclusion therein in the Miscellaneous Claims Bill. We further stated in our prior opinion that the claimant must await appropriate action by the Legislature for payment out of the Highway Fund. In the light of the views we now have and herein express, while we still adhere to the principles of law set out in our former opinion, those views now become academic.

It will be helpful if we review the history of this claim briefly, and this follows: In 1929, the State Highway Commission, acting in pursuance of the legal authority which the Legislature had conferred upon it, made a contract with the Tibbetts Construction Company for the construction of a portion of a State highway in Hudspeth County. The highway was constructed and the Highway Commission withheld from the amount due the contractor under the contract an amount slightly in excess of $1000. because of certain expenses incurred by the Highway Department in connection with a detour made necessary in the construction of the highway. This gave rise to a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. H. Cavness, page 2


controversy between the State and the contractor. The Ft.
Worth National Bank became the owner of the claim of the
construction company by appropriate assignment. By House
Bill No. 381 (Ch. 148, R. S., 44th Legislature, pp. 388-389)
the Ft. Worth National Bank of Ft. Worth, Texas, was granted
consent to sue the State upon the item here involved, and
pursuant to this authority suit was instituted by the bank,
and ultimately reduced to an agreed judgment in 1943. Sec. 2
of said House Bill 381, granting the consent of the State to
be sued, provided in part as follows:

"And any judgment recovered against the State of
Texas shall be paid out of the State Highway Fund."

It is now our view that at the time the State
granted consent to sue in this case there was a preexisting
appropriation out of which a valid judgment could be paid,
when the amount was judicially determined, from the Highway
Fund. When the amount was agreed upon in 1943 and an agreed
judgment entered, which judgment became final, the same could
and should be paid by the Highway Department from the Highway
Fund without any further appropriation. The Legislature every
two years reappropriates all State Highway Funds not previously
expended as well as all new funds coming into the treasury;
and we think all unexpended funds for contractual obligations
are reappropriated by the Legislature each two years for the
payment of the State's obligations on such contracts as the
Highway Commission is authorized under the law to make. No
question of the validity of the contract between the State
and the contractor is raised. The contractor performed his
contract, and it has now been judicially determined by the
agreed judgment that the State erroneously withheld from the
contractor's compensation the amount agreed upon and of which
the Ft. Worth National Bank became the legal owner.

Two prior opinions of this Department support the
views we now entertain, No. 0-5713 and No. 0-6503, copies of
which are herewith attached for your information. We do not
deem it necessary to lengthen this opinion by incorporating
them in this opinion, but we approve them in principle and
rely upon the authorities therein stated. If, as stated in
opinion No. 0-5713, the disputed item for which an appropria-
tion had been previously made was withheld by the Highway

Hon. C. H. Cavness, page 3

Commission, and in effect withheld funds belonging to the contractor and not to the State, no additional appropriation would be required to authorize the Highway Commission to pay same to the contractor's assignee, the Ft. Worth National Bank. And if it has not been withheld by the Highway Commission, there is nevertheless authority to pay it under the holding of opinion No. O-6503, in that it is supported by a legal appropriation.

The law as pronounced in the National Biscuit Co. v. State, 135 S. W. (2d) 687, and in State v. Hale, 146 S. W. (2d) 740,is not applicable to the facts in this case, for the obvious reason, as we have heretofore pointed out, it was not necessary for the Legislature, when it granted its consent to sue, to make another appropriation at that time or any subsequent time, for a legal appropriation had theretofore been made, and reappropriated each two years, hence Sec. 6 of Art. VIII of the State Constitution is not violated, which is as follows:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature to assemble under this Constitution which may make the necessary appropriations to carry on the government until the assemblage of the 16th Legislature."

The statute gave the Highway Commission authority to make this contract and to discharge the obligations arising thereunder out of an appropriation from the Highway Funds. The Legislature granted consent to sue, and consistent with the provisions of the contract provided that the liability when ascertained should be paid out of the Highway Fund, and there being in our view a specific appropriation to pay the liability which was each two years reappropriated, this claim can be paid out of the Highway Fund, and the inclusion of this amount in the Miscellaneous Claims Bill passed by the 49th Legislature, providing for its payment out of the General Fund does not repeal or nullify the obligation and the appropriation to pay it out of the Highway Fund. In other words, we hold that it was not necessary for the 49th Legislature to make an appropriation out of either fund for the reason that a legal appropriation had theretofore been made and now exists for its payment out of the Highway Fund.

Hon. C. H. Cavness, page 4


From the foregoing it follows that we are of the opinion that this claim in the amount of $629.05 in favor of the Ft. Worth National Bank is valid, and that payment thereof should be made from the Highway Fund, and not the General Fund, and you are accordingly so advised. Our former opinion is withdrawn and this one substituted therefor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      L. P. Lollar
Assistant

LPL:AMM

APPROVED JAN 18 1946

FIRST ASSISTANT
ATTORNEY GENERAL